4 So.2d 734

## WILLIAMSON v. STATE.

I Div. 154.

Supreme Court of Alabama.

Nov. 21, 1941.

W. C. Taylor, of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

GARDNER, Chief Justice.

Pauline Williamson, a girl 16 years of age was, in March 1941, declared incorrigible by the Judge of the Juvenile Court

of Mobile County, Alabama and ordered committed to the State Training School for girls, East Lake, Alabama. An appeal was perfected to the Circuit Court of Mobile County, In Equity, where the judgment of the Juvenile Court was affirmed. From this latter judgment the appeal here is prosecuted.

■ The case is controlled by the law applicable to Mobile County establishing a Juvenile Court in that territory to be found in Title 62, §§ 49 to 70 inclusive, Code 1940. But the provisions of the general law (Title 13, §§ 350 to 383 inclusive, Code 1940), relating to this subject are to be considered in connection with the special provisions for the Juvenile Court in Mobile County and given effect when not inconsistent therewith. So considered we find in Title 13, § 350, Code 1940, that the provisions relating to delinquent children have reference to children under 16 years of age. We find no other age limit in the law applicable to Mobile County and therefore take it a delinquent child within the meaning of these statutes means one under 16 years of age. The order of the Judge of the Juvenile Court discloses that Pauline Williamson at the time she was declared incorrigible, was 16 years of age. She was therefore not a delinquent child within the meaning of the law concerning juveniles. So far as this record discloses there was no written charge in the Juvenile Court against her of any character.

■ Previous to her appearance before the Juvenile Judge in Mobile, and in January, 1941, Pauline's mother had made an affidavit in the Inferior Criminal Court of Mobile County charging Pauline with having used obscene language contrary to law upon which a warrant of arrest was issued. Perhaps there was some oral understanding of transfer of the charge in the Inferior Court to the Juvenile Court as provided in Title 13, § 363, Code 1940, which makes reference to children charged with crimes who are between the ages of 16 and 18. But if there was any proper order of transfer it is not made to appear in this record and an order to that effect is provided for by the above cited statute.

The record discloses that the mother of Pauline filed in the Circuit Court a request that she be allowed to withdraw the charge concerning obscene language and her testimony indicates there was no foundation whatever for the charge. In the Circuit Court the assistant solicitor appears to have acquiesced in this request stating to the Court as follows:

"She was brought into the Inferior Court on a charge of obscene language. The case is now on an appeal from the finding of the Court that she is delinquent and ordering that she be sent to East Lake."

Considering the charge of the mother as having been withdrawn, the defendant moved the dismissal of the cause and that the proceedings against her be quashed. The motion was overruled and the Court proceeded to the hearing upon proof offered as to the incorrigibility of Pauline. The view which we take of the case requires no definite announcement as to our conclusion upon the facts.

Suffice it to say we are impressed that upon the question of incorrigibility a border line case is presented, and one difficult of solution. Assuming for the purpose in hand that an order of transfer had been entered, yet our conclusion is that the defendant's motion should have been sustained. The theory of the statute concerning the transfer of a cause, when the child is over 16 and under 18 years of age, from one Court to another, Title 13, § 363, Code 1940, is that upon such transfer the charge against the child shall be heard in the Juvenile Court and there proceeded with rather than in the criminal court, with applicable provisions as to subsequent treatment. It was not contemplated that the original charge should be abandoned when the cause is transferred to the Juvenile Court and that the trial in that court proceed upon an entirely different theory and concerning which no charge had been made. That is what occurred in this case as we understand the record.

■ We recognize fully that the law in reference to Juvenile delinquents must be liberally construed concerning all matters of procedure but the question here is far beyond any procedural matter and the course pursued cannot here be sanctioned.

The decree rendered affirming the order of the Juvenile Court is reversed and a decree will be here entered quashing the proceedings and discharging the appellant from further custody.

Reversed and rendered.

THOMAS, BROWN, and FOSTER, JJ., concur.